UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 16-cv-81396

DIANA DOWNIE,

    Plaintiff,

vs.

BF WESTON, LLC, a Florida limited
liability company, BF RESTAURANT
MANAGEMENT, LLC. a Florida limited
liability company, d/b/a BURGERFI and BURGERFI
INTERNATIONAL, LLC, a Delaware
limited liability company.

    Defendants.
_____/

## COMPLAINT

Plaintiff, DIANA DOWNIE ("DOWNIE"), hereby sues Defendants, BF WESTON, LLC, d/b/a BURGERFI ("BFW"), BF RESTAURANT MANAGEMENT, LLC ("BFRM") and BURGERFI INTERNATIONAL, LLC ("BURGERFI"), (collectively "Defendants") and alleges:

### NATURE OF ACTION

1.    This is an action for damages, declaratory and injunctive relief under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Florida Civil Rights Act of 1992 ("FCRA") and Florida's Workers Compensation Act, Florida Statutes, § 440.205.

### JURISDICTION & VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, the ADA and the ADEA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court under 28 U.S.C. §1331(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the Defendants maintain offices in this judicial district.

## PARTIES

4. DOWNIE is a 53-year-old female, and, at all times material to this action, was a resident of Broward County, Florida. DOWNIE was an employee of Defendants, as that term is defined under the ADEA, the ADA, the FCRA and Florida's Workers Compensation Act.

5. Defendants, BURGERFI, BFW and BFRM all have a principal address at 105 US Highway One, North Palm Beach, Florida 33408, Palm Beach County, Florida.

6. BFW, BFRM and BURGERFI have the same manager and BURGERFI has complete control of BFW and BFRM employees, policies, procedures and management. BURGERFI also holds the workers compensation policies for BFW and BFRM employees and contributed to the unemployment compensation taxes of these employees. As such, BURGERFI, BFW and BFRM were DOWNIE's joint employers or an integrated employer, as defined under the ADEA, the ADA, and the FCRA.

## EXHAUSTION OF REMEDIES

7. DOWNIE has complied with all conditions precedent to jurisdiction under the ADEA, the ADA, and the FCRA in that DOWNIE filed her Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on February 8, 2016, within 300 days of the unfair employment practices alleged in this Complaint; DOWNIE has also filed this suit within 90 days of receiving a Notice of Right to Sue from the EEOC on May 13, 2016; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and

FCHR has not issued a determination in that time period; and DOWNIE is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of DOWNIE's Charge and Notice of Right to Sue are attached as Exhibits 1 and 2, respectively.

## GENERAL ALLEGATIONS

8.  BFW is a gourmet burger fast food type restaurant that does business under the name BurgerFi. BFW is currently owned and managed directly by BFRM and BURGERFI since in and about April 2014. DOWNIE was hired by BFW as an assembler on June 1, 2013 and was promoted to a supervisory position after six months and later to Kitchen Manager/Assistant Manager in or about February or March 2014.

9.  On October 25, 2014, DOWNIE was injured at work when she slipped on a french fry. DOWNIE's left elbow was severely injured and has nerve damage and she also injured her left hip. DOWNIE's injuries were reported as a workers' compensation injury.

10. Downie was placed on light duty work with a lifting restriction of five pounds; however, by April 2015, she could lift no more than one pound and, by May 27, 2015, she could not raise her left arm above her waist or over her head. In addition, she compensated for her injury by using her right elbow and, by April, May and June of 2015, she was receiving injections in both elbows for pain; as her right elbow became affected from overuse.

11. On June 17, 2015, DOWNIE had surgery on her injured left elbow and was out of work for two weeks. When DOWNIE returned to work on July 6, 2015, her physician initially required a two pound weight restriction, but that was reduced to a one-pound weight restriction as to the duties she performed. However, her manager insisted upon DOWNIE performing

certain duties that violated these light duty restrictions and, as such, the weight limitation was not strictly adhered to as DOWNIE was required to perform tasks not in agreement with her lifting restriction. Danielle Becker, Regional Manager and Geneva Fernandez, General Manager, asked her to do things such as lift tables and chairs that were heavier than the lifting restriction. While DOWNIE was supposed to be on "light duty," she worked 50 or more hours a week.

12.    Ms. Fernandez made comments that the store's workers compensation insurance premium was high and was impacting the General Manager bonus.  At the end of each month, Ms. Fernandez would make a point of saying to DOWNIE, "Look how much we are paying for your workers' compensation."  Ms. Fernandez also made comments about another co-worker's, Leo Fernandez,' workers compensation injury and said that his injury was a "scam."  In addition, she cut his hours so that he would leave his employment there.

13.    DOWNIE continued to have a lot of pain in her left elbow and her right elbow became aggravated by having to overuse it to compensate for her left elbow. DOWNIE advised Ms. Becker that she still had pain and was in need of further treatment. In and about September 9, 2015, DOWNIE learned that she needed a second surgery for her left elbow. DOWNIE told Ms. Fernandez that her physician was recommending another surgery and she emailed Heather Crouch, Human Resources Director, and advised her of the surgery.

14.    Up to the point of DOWNIE's work injury, she had not been disciplined or reprimanded and her work performance was satisfactory to Defendants.  After DOWNIE's injury, Ms. Fernandez gave DOWNIE a written warning for absenteeism on May 4, 2015. Ms. Fernandez alleged that DOWNIE had missed a Manager's Safe Serve class and exam.  However, the class and exam were on DOWNIE's day off from work and she had provided Ms. Becker and Ms. Fernandez a doctor's note indicating that she could not attend that day.  DOWNIE took the

GALLUP LAW • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • www.gallup-law.com

training and exam on June 1, 2015. Ms. Fernandez and Ms. Becker were requiring DOWNIE to receive this training even though she had a current certificate of training that did not expire until June 19, 2016 and even though the training was for non-management personnel.

15. On August 14, 2015, Ms. Fernandez gave DOWNIE a first and a second warning for allegedly not being present at a quarterly Drug and Alcohol training class. The class was held on April 4, 2015, but Ms. Fernandez did not issue DOWNIE a warning until almost four months later. Moreover, DOWNIE was told that the training was for hourly employees and not for managers, such as her.

16. In and about May 2015, Ms. Fernandez and Ms. Becker also began insisting that DOWNIE provide a doctor's note for any absences, although other employees were not required to present doctor's notes for their absences

17. Prior to DOWNIE's termination, in and about June 2015, Defendants hired Shamika Johnson, who is substantially younger than and not disabled or injured like DOWNIE, to another Assistant Manager position. Ms. Johnson was paid a salary higher than DOWNIE and had significant absenteeism, but she was not written up for any of her misconduct.

18. The week prior to DOWNIE's termination, Ms. Fernandez and Ms. Becker met with Edward Daniels, a new Regional Manager and Nick Raucci, Regional Manager, regarding the high costs of workers compensation claims and decided to terminate DOWNIE.

19. On October 17, 2015, Mr. Raucci met with DOWNIE at BFW and terminated her employment. During the termination meeting, Mr. Raucci alleged that DOWNIE was "too old and too tired" to work for Defendants and that she constantly "complained about her elbows." Mr. Raucci alleged incorrectly that DOWNIE had five written warnings as a reason for termination.

20. After DOWNIE's termination, she was replaced with a substantially younger male, Raul Navarrete, who is in his twenties and is neither disabled or injured.

21. Defendants terminated DOWNIE's employment because of her disability, because of her workers compensation injury, and because of her age. Defendants' alleged reason for her termination, i.e. "five write ups," is a mere pretext for discrimination and retaliation.

22. DOWNIE has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

23. DOWNIE has retained the undersigned attorney to represent her in this action and is obligated to pay said attorney a reasonable fee for his services.

## COUNT I
## Violation of FCRA (Disability Discrimination)

24. This is an action for discrimination based upon disability under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

25. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-23 and incorporates the same herein by this reference.

26. Plaintiff asserts that she was a disabled person by virtue of her elbow injury, that the injury was severe, and that she was limited in her daily activities because she could not use her left arm much as a result of the injury and she was in constant pain even after undergoing surgery.

27. Defendants violated the FCRA by discriminating against Plaintiff because of her disability, or because they perceived or regarded her as disabled and terminated her employment based on their perceptions.

28. As a result of Defendants' violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANA DOWNIE prays that this Court will:

6

Order Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC to remedy the disability discrimination of Plaintiff by:

  i. Paying appropriate back pay;

  ii. Paying prejudgment and post-judgment interest;

  iii. Paying front pay in lieu of reinstatement;

  iv. Paying for lost benefits including medical insurance, pension and retirement plan;

  v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT II
### Violation Of the ADA (Disability Discrimination)

29.   This is an action for disability discrimination under the ADA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

30.   Plaintiff reasserts the general allegations as set forth above in paragraphs 1-23 and incorporates the same herein by this reference.

31.   Plaintiff asserts that she was a disabled person by virtue of her elbow injury, that the injury was severe, and that she was limited in her daily activities because she could not use her left arm much as a result of the injury and she was in constant pain even after undergoing surgery.

32. Defendants violated the ADA by discriminating against Plaintiff because of her disability, or because they perceived or regarded her as disabled and terminated her employment based on their perceptions.

33. As a result of Defendants' violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANA DOWNIE, prays that this Court will:

a. Order Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC to remedy the disability discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT III
### Violation Of The FCRA (Age Discrimination)

34. This is an action for discrimination under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

35. Plaintiff realleges and incorporates by reference as if fully set forth, the allegations in paragraphs 1 through 23.

36. Defendants and its managers and agents violated the FCRA by treating DOWNIE differently than similarly situated employees; selecting Plaintiff for termination and terminating

her because of her age; and hiring a similarly situated substantially younger employee subsequent to Plaintiff's termination to replace her.

37. Defendants acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

38. As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages, including the loss of a career with Defendants, the loss of wages, benefits and other compensation; harm to her personal and business reputations; emotional distress including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, DIANA DOWNIE, prays that this Court will:

a. Order Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC to remedy the disability discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT IV
### Violation of the ADEA (Age Discrimination)

39. This is an action for discrimination under the ADEA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

40. Plaintiff re-alleges and incorporates by reference as if fully set forth, the allegations in paragraphs 1 through 23.

41. Defendants and its managers and agents violated the ADEA by treating her differently than similarly situated employees; selecting Plaintiff for termination and terminating Plaintiff because of her age; and hiring a similarly situated substantially younger employee subsequent to Plaintiff's termination to replace her.

42. As a result of Defendants' conduct, Plaintiff has been damaged.

43. Defendants acted intentionally and with malice and reckless disregard for DOWNIE's rights under the ADEA and thus DOWNIE is entitled to liquidated damages under the ADEA.

WHEREFORE, Plaintiff, DOWNIE demands an award against Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC for compensatory damages including lost wages and benefits, liquidated damages, interest, costs, and attorneys' fees under the ADEA.

## COUNT V
### Violation of Florida's Workers Compensation Law (Retaliation under § 440.205 )

44. This is an action for retaliation under Fla. Stat., § 440.205 with damages in excess of Fifteen Thousand Dollars ($15,000.00).

45. Plaintiff re-alleges and incorporates by reference as if fully set forth, the allegations in paragraphs 1 through 23.

46. The acts alleged above, constitute violations of Florida Statutes § 440.205 which states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the

Worker's Compensation law.

47. Plaintiff filed a valid workers compensation claim against Defendants.

48. Defendants or their agents took an adverse action against Plaintiff by disciplining and terminating her employment because of her valid workers compensation claim contrary to the requirements of Florida Statute § 440.205.

49. A causal link exists between the adverse employment action taken by the Defendants or their agents in terminating Plaintiff and Plaintiff's claim for workers compensation benefits.

50. As a result of the Defendants' or their agents' retaliatory actions, Plaintiff suffered damages, and has incurred attorney's fees and costs.

WHEREFORE, Plaintiff, DIANA DOWNIE demands judgment against Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC in the form of economic damages, and the value of any lost benefits, with interest thereon; non-pecuniary compensatory damages, including, but not limited to, damages for mental anguish, attorneys' fees and costs and any other such relief that the Court deems just and proper.

### COUNT VI
### Unpaid Wages

51. This is an action for unpaid wages for bonuses not paid to DOWNIE for the last three months of her employment.

52. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 23 and incorporates the same herein by this reference.

53. Defendants failed to pay bonuses she earned for July, August and September 2015.

11

54. DOWNIE is due to be paid for these bonuses and Defendants have no justifiable reason for failing to pay DOWNIE's bonuses.

55. As a result, DOWNIE has been damaged by the value of said bonuses.

56. Defendants are liable to DOWNIE for her attorney's fees and costs pursuant to § 448.08, Fla. Stat. to recover the bonuses that are owed.

WHEREFORE, Plaintiff, DIANA DOWNIE demands judgment against Defendants, BF WESTON, LLC, d/b/a BURGERFI, BF RESTAURANT MANAGEMENT, LLC and BURGERFI INTERNATIONAL, LLC, for unpaid bonuses, interest, court costs, attorneys' fees, and for any and all other and further relief this Court deems just, necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DIANA DOWNIE demands trial by jury for all issues so triable by right of jury.

Dated this 9th day of August 2016.

Respectfully submitted,

**GALLUP LAW**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035
f: (954) 894-8015
e: dgallup@gallup-law.com

By:  /s/ Dana M. Gallup
     DANA M. GALLUP
     Florida Bar No.: 0949329