UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DIANA DOWNIE,

            Plaintiff,

vs.

BF WESTON, LLC, a Florida limited liability
company, BF RESTAURANT
MANAGEMENT, LLC, a Florida limited
liability company, d/b/a BURGERFI and
BURGERFI INTERNATIONAL, LLC, a
Delaware limited liability company,

            Defendants

_____ /

Case No. 16-CV-81396

## MOTION TO DISMISS

Defendants jointly move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count IV for failure to state a claim and to dismiss Counts V and VI under the prohibition against claim splitting.  Defendants BF Restaurant Management, LLC and BurgerFi International, LLC also respectfully move to dismiss all counts against them due to Plaintiff's failure to allege plausibly that they were her joint employers.   In support, Defendants state as follows:[1]

## I.    INTRODUCTION

This case is the second of two lawsuits which Plaintiff filed regarding her employment as an assistant manager at the BurgerFi restaurant location in Weston,

_____

[1]    A party moving to dismiss only certain counts need not answer the remaining counts until the motion to dismiss is resolved and therefore Defendants will answer the remaining counts at that time.  *See generally Ferk v. Mitchell*, No. 14-CV-21916, 2014 WL 7369646, at *1 (S.D. Fla. Dec. 29, 2014) (citing *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases and noting "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss")).

Florida.  In her first lawsuit, Plaintiff claimed she was improperly classified as a manager and therefore due unpaid overtime.  In this second lawsuit, in addition to a new unpaid wages claim, she claims she was discriminated and/or retaliated against in violation of the Age Discrimination in Employment Act, the Florida Civil Rights Act, the Americans with Disabilities Act, and Florida's Workers Compensation Law.

Plaintiff's claims for unpaid wages and workers compensation retaliation should be dismissed because she impermissibly spit her claims between two lawsuits and the effect of permitting these claims to proceed would be to flout Judge Bloom's pleading amendment deadline in the first lawsuit.  Plaintiff's age discrimination claim must be dismissed because she fails to allege age was the but-for cause of her treatment and termination, in that she specifically alleges that her treatment and termination were also attributable to her claimed disability and her workers compensation claim.  Finally, all claims should be dismissed against BF Restaurant Management, LLC and BurgerFi International, LLC because Plaintiff's joint employer allegations simply recite the elements of a joint employer theory without providing any factual support linking these defendants to control over Plaintiff's employment.

## II.     <u>STANDARD FOR A MOTION TO DISMISS</u>

In reviewing a motion to dismiss under Rule 12(b)(6), a court should take all *well-pleaded* facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting rule).

19212064v1 0981824

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* In other words, a plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2013) ("it is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a . . . statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

Courts reviewing a complaint on a motion to dismiss are not required to abandon all common sense or to ignore their experience. In fact, the opposite is true:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. 679 (emphasis added).

### III.    MEMORANDUM OF LAW & ARGUMENT

#### a.    Counts V & VI Should Be Dismissed Pursuant to the Prohibition Against Claim Splitting[2]

The Court should dismiss Counts V and VI because Plaintiff has impermissibly split her claims between two lawsuits and permitting her to proceed now would only reward her failure timely to amend her complaint in the first lawsuit and create unnecessary inefficiencies for the Court and Defendants.

"Federal courts recognize Florida's rule against splitting causes of action[.]" *Pollitz v. Halifax Health*, No. 6:15-CV-450-ORL-37, 2015 WL 4987732, at *2 (M.D. Fla. Aug. 19, 2015).  "Under the doctrine as it is followed in both Florida and federal courts, a plaintiff may not split a claim relating to the same transaction or occurrence."  *Hard Rock Cafe Int'l (USA), Inc. v. Am. Horse, LLC*, No. 6:11-CV-1554-ORL-31, 2012 WL 503881, at *2 (M.D. Fla. Jan. 6, 2012), report & recommendation adopted, 2012 WL 503899 (M.D. Fla. Feb. 15, 2012).  The power to dismiss a lawsuit on the basis of improper claim splitting is part of a court's inherent power to manage its docket. *Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV*, 816 F. Supp. 2d 1261, 1263 (M.D. Fla. 2011).

As explained by the Florida Supreme Court:

The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action. *See Schimmel v. Aetna Casualty & Sur. Co.*, 506 So. 2d 1162 (Fla. 3d DCA 1987); *Eagle–Picher Indus., Inc. v. Cox*, 481 So. 2d 517 (Fla. 3d DCA 1985), *review denied*, 492 So. 2d 1331 (Fla. 1986). The rule against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the

---

[2]    "Claim splitting may be grounds for dismissal under Rule 12(b)(6)."  *kashyap, LLC v. Natural Wellness USA, Inc.* No. DKC 11-0459, 2011 WL 2462192, at *3 (D. Md. June 16 2011).

19212064v1 0981824

law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes. *See Stanley Builders, Inc. v. Nacron*, 238 So. 2d 606 (Fla. 1970); *Schimmel; Eagle–Picher.Department of Agriculture and Consumer Services v. Mid–Florida Growers, Inc.*, 570 So. 2d 892, 901 (Fla. 1990).

"Courts borrow from the test for claim preclusion and consider whether to bar the second suit if it involves 'the same parties or their privies' and 'arises out of the same transaction or series of transactions' as the first suit. *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 8:07-CV-227-T-27TGW, 2008 WL 759095, at *1 (M.D. Fla. Mar. 20, 2008) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir.1999)); For purposes of the test, parties can be considered the same if they were in privity with each other. *Pollitz*, 2015 WL 4987732 at *2.

The prohibition against claim splitting is clearly violated here.[3]  Plaintiff filed her first lawsuit, Downie v. BF Weston, LLC, Case No. 16-CV-60348-BLOOM/VALLE, under the Fair Labor Standards Act on February 23, 2016, alleging she was improperly classified as exempt and therefore owed unpaid overtime.  A copy of that complaint is attached as Exhibit 1.[4]  That lawsuit involved the same employer and arose out of the

---

[3]  Defendants note that, while a similar argument could be made with regard to Counts I through III, those counts required exhaustion of administrative remedies first and so a similar argument is not being made as to those counts in this motion.

[4]  Defendants respectfully request the Court take judicial notice of the exhibits to this motion, all of which are available via the Court's CM/ECF system and PACER.  *See Villafana v. Feeding S. Florida, Inc.*, No. 13-60760-CIV, 2013 WL 2646729, at *1 (S.D. Fla. June 12, 2013) ("a court may take judicial notice of certain facts not contained in the pleadings without converting a motion to dismiss into a motion for summary judgment.") (citing *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006)); *Grandinetti v. Clinton*, No. 207-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. Apr. 5, 2007) (taking judicial notice of PACER filings).

same series of transactions—her employment and BF Weston, LLC's alleged failure to comply with the laws regulating that employment.[5]

Permitting Plaintiff to pursue claims which she could have easily included in her first lawsuit will have several negative consequences.  First, it will foster a disrespect for the court system.  The pleading amendment deadline set by Judge Bloom in the first lawsuit was May 2, 2016, prior to Plaintiff filing this second lawsuit.  A copy of that scheduling order is attached as exhibit 2.  Plaintiff should not be permitted to flout that order and to avoid showing good cause and diligence (which she clearly cannot show because there is nothing about her claims in this lawsuit which she did not already know when she filed her first).  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met) (internal quotation marks omitted).  A second lawsuit would also result in duplicative discovery and attorney time relating to Plaintiff's wages.

A third consequence would be relating to the issue of joint employment.  In her first lawsuit, Plaintiff contended that an entity known as 2800 BFI, LLC was her joint employer with BF Weston, LLC, and she did not implicate the other two defendants to this second lawsuit.  Presently pending is a summary judgment motion on this very issue.  A copy of that motion is attached as Exhibit 3.  Plaintiff should not be permitted

---

[5]     It is true that two of the defendants in this lawsuit, BF Restaurant Management, LLC and BurgerFi international, LLC, were not parties to the first lawsuit.  Plaintiff, however, alleges that BurgerFi International, LLC has complete control over the other two defendants and that BF Restaurant Management, LLC directly manages BF Weston, LLC.  [ECF No. 1, ¶¶6 & 8].  As alleged, this relationship establishes privity between all three defendants.  *See* BLACK'S LAW DICTIONARY 1237 (8th ed. 2004) (defining "privity" as "the connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property.").

19212064v1 0981824

to take this inconsistent position and simply to name other entities with some connection to BurgerFi in the hope that this time perhaps the allegations will stick. This would only exacerbate the inefficiency and unfairness of her decision to split her claims improperly.

It is worth noting that dismissing Counts V and VI will not necessarily leave Plaintiff without a remedy. Instead, it will merely maintain the status quo and force her to do what she was already required to do—seek leave to amend from Judge Bloom in the first lawsuit. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574,580 (D. Md. 2004) ("[T]he district count 'must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to amendment of complaints.") (internal citation marks omitted). That obtaining leave at this stage would likely be difficult is not justification for the inefficient and unfair ways which she decided to pursue these two claims. Plaintiff could have avoided it simply by acting diligently to amend instead of pursuing a second lawsuit.

For these reasons, the Court should dismiss Counts V and VI due to improper claim splitting.

### b.    Count III Should Be Dismissed Because Plaintiff Does Not Allege Age Was the But-For Cause of Discrimination

To state a valid claim under the ADEA, a plaintiff must allege plausibly that age was the "but-for" cause of the discrimination. *Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 774-75 (11th Cir. 2013); *see also Hayes v. Wal-Mart, Inc.*, No. 2:15-CV-648-MHT-PWG, 2016 WL 1522445, at *5 (M.D. Ala. Mar. 1, 2016) (noting it is insufficient merely that age was a motivating factor). Plaintiff fails to do that here. Plaintiff alleges instead that "Defendants terminated DOWNIE's employment because of her disability, because

7

of her workers compensation injury, and because of her age." [ECF No. 1, ¶21]. Plaintiff also incorporates by reference many other allegations which clearly establish that characteristics other than her age are alleged to have motivated discrimination against her. [*See, e.g.*, ECF No. 1, ¶¶ 17 & 20 (alleging that purported comparators were both not disabled and younger].

To be clear, Defendants recognize that alternative pleading is permissible. However, Count III incorporates by reference allegations that both discrimination and also termination were based on a disability and her workers compensation claim. Further, given the nature of the allegations generally, even if Plaintiff had segregated her age discrimination claim then it would still not be a plausible conclusion that age was the but-for cause of any discrimination. *See Phillips v. City of Atlanta*, No. 115CV03616TWTRGV, 2016 WL 5429668, at *15 (N.D. Ga. July 29, 2016) (ADEA claim not plausible where plaintiff also alleged mistreatment caused by participation in a corruption investigation), report & recommendation adopted, No. 1:15-CV-3616-TWT, 2016 WL 5394116 (N.D. Ga. Sept. 27, 2016). In a similar vein, given these allegations it does not appear Plaintiff could in good faith re-plead to allege age was the but-for cause and therefore Defendants respectfully request the Court dismiss Count III with prejudice.

### c.   All Claims Against BF Restaurant Management, LLC and BurgerFi International, LLC Should Be Dismissed Because Plaintiff Failed to State a Plausible Claim for Joint Employer Liability

Plaintiff alleges in her Complaint that BF Weston, LLC was the entity which hired her. [ECF No. 1, ¶8]; *see also* Ex. 1, ¶2 (stating Plaintiff was BF Weston, LLC's employee]. But Plaintiff also alleges that the other two defendants were her joint

employers because they have the same manager, and because BurgerFi International, LLC has "complete control of BFW and BFRM employees, policies, procedures and management", and because BurgerFi International, LLC holds the workers compensation policies for and contributes toward unemployment compensation taxes for the other two defendants. [ECF No. 1, ¶6]. These allegations, however, do not establish that all three entities were Plaintiff's joint employer.

> Joint employer status attaches if (1) the separate entities are "highly integrated with respect to ownership and operations," (2) the two entities contract with each other, and one entity controls the terms and conditions of the other's employees, or (3) the defendant is an agent of the other entity, and the other entity "delegate[ed] sufficient control of some traditional rights over employees" to the defendant

*Brown v. ATG, Inc.*, No. 2:15-CV-00161-AKK, 2015 WL 3545984, at *3 (N.D. Ala. June 8, 2015).

The allegations that BurgerFi International, LLC has "complete control of BFW and BFRM employees, policies, procedures and management" are nothing more than conclusory statements devoid of any facts tending to suggest they are actually true and should be disregard by this Court. *See Isaacs v. Felder Servs., LLC*, No. 2:13-cv-693-MEF, 2014 WL 2806128, at *3 (M.D. Ala. June 20, 2014) (holding allegations that a plaintiff "worked under the supervision of [an alleged joint employer's] management" did not properly plead joint employment because it did not provide "any supporting allegations as to the manner or extent of that supervision, or the amount of control" actually exercised); *see also Lepkowski v. Telatron Mktg. Grp., Inc.*, 766 F. Supp. 2d 572, 579 (W.D. Pa. 2011) ("Courts have widely held that detailed instructions and a strict quality control mechanism will not, on their own, indicate an employment relationship . . . Rather, detailed instructions and close monitoring are key components

19212064v1 0981824

in many independent contractor and franchise relationships.") (internal quotation marks omitted); *see also Suliaman v. Sw. Furniture Stores of Wisconsin, LLC*, No. 214CV01854APGPAL, 2016 WL 1270994, at *3 (D. Nev. Mar. 31, 2016) (allegations that one company provides administrative services to another and that the two companies are "one and the same" is, without specific factual allegations regarding which one actually pays, schedules, hires, or fires employees insufficient to state a claim for joint employment under the FLSA.")

The only specific factual allegations, as opposed to legal conclusions, which Plaintiff makes regarding joint employment is regarding ownership, workers compensation insurance policies, and unemployment compensation taxes.  Ownership, "standing alone, can never be sufficient to establish parent liability."  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993); *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090 (10th Cir. 1991) (finding franchisor not a joint employer merely because it stringently controlled the franchisee's operations absent any specific evidence the franchisor controlled the franchisee's labor relations).

While the allegations regarding a workers compensation insurance policy and unemployment compensation taxes might conceivably suggest some measure of integration, it has nothing to do with Plaintiff's treatment on the basis of any of the protected categories.  Plaintiff does not allege, for example, that, as a result of these facts, BurgerFi International, LLC and BF Restaurant Management, LLC directed BurgerFi Weston, LLC to mistreat individuals in any relevant protected category. *See Hendon v. Kamtek, Inc.*, 117 F. Supp. 3d 1325, 1328 (N.D. Ala. 2015) ("The most

10

important consideration is 'the degree of control an entity has over the adverse employment decision.'").

In fact, the complaint lacks any allegation that BurgerFi International or BF Restaurant Management, LLC played any role at all in the treatment of Plaintiff. Plaintiff does allege that BurgerFi International had complete control over the other two entities, but having control and exercising it are two different things. Plaintiff also alleges BurgerFi International, LLC owns the other two defendants, but there is nothing unusual about an owner have the authority to regulate its property. That control flows from ownership cannot be enough to hold a parent liable for its subsidiary; otherwise, such liability would inevitably attach in every case.

In other words, while ownership and control makes it possible BurgerFi International, LLC actually controlled the circumstances of Plaintiff's employment, it is equally possible this is not true. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."). An inference in Plaintiff's favor here is all the more implausible given the lack of any specific factual allegations suggesting BurgerFi International, LLC (and similarly BF Restaurant, LLC) had any role in Plaintiff's treatment outside of the fact it allegedly owned BF Weston, LLC.

In sum, stripped of conclusory allegations, there is not a single fact alleged in the Complaint suggesting that BurgerFi International, LLC or BF Restaurant Management, LLC controlled any aspect of Plaintiff's employment, let alone that either had any role in her alleged treatment. Consequently, the Court should dismiss all counts against them.

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Dana M. Gallup, Gallup Law, 4000 Hollywood Boulevard, Presidential Circle, Suite 265 South, Hollywood, FL 33021, dgallup@gallup-law.com.

s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Cheryl L. Wilke
Florida Bar No. 893780
cwilke@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Attorneys for Defendants

19212064v1 0981824